**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SRINIVASA RAO KAMBALA** *et al.* | § | |
| | § | |
| **v.** | § | **NO. 1:13-CV-498** |
| | § | |
| **SIGNAL INTERNATIONAL L.L.C.** *et al.* | § | |

| | | |
|---|---|---|
| **SATHEESH MARIMUTHU** *et al.* | § | |
| | § | |
| **v.** | § | **NO. 1:13-CV-499** |
| | § | |
| **SIGNAL INTERNATIONAL L.L.C.** *et al.* | § | |

| | | |
|---|---|---|
| **RAJU MEGANATHAN** *et al.* | § | |
| | § | |
| **v.** | § | **No. 1:13-CV-497** |
| | § | |
| **SIGNAL INTERNATIONAL L.L.C.** *et al* | § | |

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER**

Pending before the court is a "Motion for Stay Pendente Lite and for Transfer Pursuant to First Filed Rule" (Doc. No. 14) filed by Signal International, L.L.C., Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. ("the Signal Defendants"), and a "Motion to Transfer Venue and Memorandum in Support" (Doc. No. 31) filed by Malvern C. Burnett, the Law Offices of Malvern C. Burnett, A.P.C., and Gulf Coast Immigration Law Center, L.L.C ("the Burnett Defendants"). These two motions are also pending before the court in related cases. See Marimuthu et. al v. Signal International L.L.C. et al., 1:13-cv-499 (Doc. Nos. 23, 36); Meganathan et al. v. Signal International L.L.C. et al., 1:13-cv-497 (Doc. Nos. 17, 12). Because

these motions and corresponding responses are for all intents and purposes the same, the undersigned's decision and reasoning on the motions pending in the instant suit will apply to the corresponding motions filed in *Marimuthu* and *Meganathan* as well.   Id.

Having considered the pending motions and the corresponding responses, the court denies the Signal and Burnett Defendants' motions to transfer pursuant to the first-to-file rule because there is not a substantial overlap between the instant suit and *Kurian David et al. v. Signal, Int'l, L.L.C. et al.*, the first filed suit.   See Civ. A. No. 08-1220 (E.D. La.).

## I.  Background

*A.  Procedural Background*

On March 7, 2008, twelve individuals who were allegedly trafficked into the United States filed a putative class action against the Defendants in the Eastern District of Louisiana asserting trafficking, RICO, civil rights, and state law contract and fraud claims.[1]   See David v. Signal Int'l, LLC, Civ. A. No. 08-1220 (E.D. La.).   That Court denied class certification;[2] and, as a result of this ruling, the Plaintiffs in the instant action filed suit in this District, where they were allegedly subjected to deplorable working conditions at a Signal facility in Orange, Texas.[3]   (Doc. No. 39.) On August 7, 2013, the Plaintiffs filed their complaint in this court against the Burnett Defendants, the Signal Defendants, Michael Pol, Global Resources, Inc., Sachin Dewan, Dewan Consultants

---

1.  The Plaintiffs presumably still have FLSA claims pending in the Eastern District of Louisiana.   (Doc. No. 21, p. 10.)

2.  David v. Signal Int'l, LLC, Civ. A. No. 08-1220, 2012 U.S. Dist. LEXIS 114247, at *129 (E.D. La. Jan. 3, 2012).

3.  Srinivasa Rao Gonna is the only Plaintiff in this lawsuit who worked in Signal's Pascagoula, Mississippi facility as opposed to their Orange, Texas facility.

Pvt. Ltd., Indo-Ameri Soft L.L.C., Kurella Rao, J&M Associates of Mississippi, Inc., J&M Marine & Industrial, L.L.C., and Billy R. Wilks.   The Plaintiffs allege that some or all of the Defendants violated the following federal statutes: 1) The Trafficking Victims Protection Reauthorization Act of 2003; 2) Racketeer Influenced and Corrupt Organizations Act; 3) The Civil Rights act of 1866; and 4) The Ku Klux Klan Act of 1871.   (Id.)   In addition, the Plaintiffs bring state law fraud, negligent misrepresentation and breach of contract claims against all of the Defendants.   (Id.)

B.  *Factual Background*

In the aftermath of Hurricane Katrina, approximately 590 men, including the Plaintiffs, were allegedly trafficked into the United States through the federal government's H-2B guest worker program to provide labor and services to the Signal Defendants.   (Doc. No. 39, p. 2.)   The Plaintiffs claim they were lured to work for Signal through the fraudulent promise of legal and permanent work-based immigration to the United States for themselves and their families.   (Id., p. 4.)   Subsequently, after coming to the United States, the Plaintiffs were allegedly denied employment or were subjected to forced labor and other serious abuses at Signal operations in Orange, Texas and Pascagoula, Mississippi.   (Id., p. 5.)

## II.  Jurisdiction

The Plaintiffs seek recovery pursuant to several federal statutes.   For actions brought under these statutory provisions, the court has subject-matter jurisdiction predicated upon federal question jurisdiction.   See 28 U.S.C. § 1331; 29 U.S.C. § 216(b).   For the state law causes of action, the court has subject-matter jurisdiction predicated upon supplemental jurisdiction.   See

28 U.S.C. § 1367(a).   Venue is proper because the events giving rise to the above claims occurred

within the confines of this District.   See 28 U.S.C. § 1391.

### III.   First to File Rule

The Signal and Burnett Defendants move to transfer the instant case to the Eastern District

of Louisiana pursuant to the First-Filed Doctrine.   (Doc. Nos. 14, 31.)   "Under the first-to-file

rule, when related cases are pending before two federal courts, the court in which the case was last

filed may refuse to hear it if the issues raised by the cases substantially overlap."   Int'l Fid. Ins.

Co. v. Sweet Little Mexico Corp., 665 F.3d 671, 677 (5th Cir. 2011) (quoting Cadle Co. v.

Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999)).   "The first-to-file rule is a

discretionary doctrine." Jones v. Xerox Commercial Solutions, LLC, CIV. A. No. H-13-0650,

2013 WL 3245957, at *2 (S.D. Tex. June 26, 2013) (quoting Cadle Co., 174 F.3d at 603).   The

rule is utilized "to avoid the waste of duplication, to avoid rulings which may trench upon the

authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."

Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997).   The party wishing to

transfer the case has the burden to prove that transfer is warranted.   Jones, 2013 WL 3245957, at

*2 (citing Sanofi–Aventis Deutschland GmbH v. Novo Nordisk, Inc., 614 F. Supp. 2d 772, 777 n.

5 (E.D. Tex. 2009); VCode Holdings, Inc. v. Cognex Corp., No. 2:07–cv–138, 2007 WL 2238054,

at *2 (E.D. Tex. Aug. 3, 2007); Buckalew v. Celanese, LTD., No. G–05–315, 2005 WL 2266619,

at *1 (S.D. Tex. Sept. 16, 2005)).

"In deciding whether to apply the first-to-file rule, the Court must resolve two questions:

(1) are the two pending actions so duplicative or do they involve such substantially similar issues

that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case." Datamize, Inc. v. Fid. Brokerage Servs., LLC, 2:03-CV-321-DF, 2004 WL 1683171, at *3 (E.D. Tex. Apr. 22, 2004) (citing Texas Instruments v. Micron Semiconductor, 815 F. Supp. 994, 997 (E.D. Tex. 1993)). "The first-to-file rule does not require that cases be identical, but merely that there is a substantial overlap in issues and parties." White v. Peco Foods, Inc., 546 F. Supp. 2d 339, 342 (S.D. Miss. 2008).

## IV.   Analysis

The Defendants argue there is substantial overlap between the instant case and the first filed case, *David*. (Doc. Nos. 14, 31.) While there are similarities in the two cases, the undersigned finds that the two cases do not involve such substantially similar parties and issues that one court should decide the subject matter of both actions.

*A.   Parties*

There is some overlap between the parties in *David* and the instant case, but it is not substantial. While all of the Plaintiffs in the instant suit are also plaintiffs in *David*, as explained below, they are only asserting FLSA claims in *David*, which they do not assert here.[4] (Doc. No. 21, p. 10.) Conversely, none of the *David* plaintiffs asserting non-FLSA claims are parties in the instant case. (Id., p. 8) The *David* defendants and the Defendants in this suit are not completely identical, but for purposes of this analysis, the court finds that the difference is insignificant. While the first-to-file rule does not require identical parties, see Save Power Ltd., 121 F.3d at 950,

---

4.   Even if the Plaintiffs in this case were at one point putative class members in the *David* class action litigation, they were never *parties* since the class was never certified. See Smith v. Bayer Corp., 131 S. Ct. 2368, 2379 (2011) (holding that it is erroneous to believe a nonnamed class member is a party to class action litigation before the class is certified, or if certification is ultimately denied).

"the fact that the parties are different cuts against an argument for substantial overlap."   Jones, 2013 WL 3245957, at *4.

B.   *Claims*

Although the first-to-file rule also does not require the issues to completely overlap, "the cases should be more than merely related to support a motion to transfer when venue is otherwise appropriate."   Buckalew v. Celanese, Ltd., CIV. A. No. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005).   The instant suit and *David* are related to the extent that all of the claims asserted in this suit are also asserted by the different *David* Plaintiffs.   However, there is not substantial overlap among the claims in both suits.   As the District Court established in its opinion denying the Plaintiffs' Motion for Class Certification in *David*, each of the Plaintiffs' claims require individualized proof as it pertains to that particular Plaintiff.   David v. Signal Int'l, LLC, Civ. A. No. 08-1220, 2012 U.S. Dist. LEXIS 114247, at *129 (E.D. La. Jan. 3, 2012).   Thus, not only are each of the individual plaintiffs' forced labor, trafficking, RICO and civil rights claims different from one another in this suit, as explained below, they are entirely different from their pending FLSA claims in *David*.   Therefore, the issues presented by the Plaintiffs here cannot be resolved in the *David* suit.   W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO, 751 F.2d 721, 729 (5th Cir. 1985) (". . . a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court.").

### 1.   Forced Labor and Trafficking

The success of each Plaintiff's forced labor and trafficking claims is dependent on individualized factors.  The question in a forced labor case is "whether Defendants' coercive conduct was such that it could overcome the will of the victim so as to make him render his labor involuntary."  David, 2012 U.S. Dist. LEXIS 114247 at 77.   "This question cannot be answered via generalized class-wide proof but rather must be answered individually based upon individualized proof."  Id.  Similarly, with trafficking, "individual issues will play a significant part" because involuntary servitude is an essential element of the claim.  Id. at 80-81.

### 2.   RICO Claims

The success of each Plaintiff's RICO claim is also based on each individual's experience because the Plaintiff will be "required to prove that the [Defendants] committed the predicate acts upon which they rely for the pattern of racketeering activity."  Id. at 92.   As stated above, proof of the predicate acts of trafficking and forced labor are "all premised on coercion" and "cannot be made without resort to individualized proof."  Id.   Additionally, in order to prove the fraud-based predicate acts, each Plaintiff will "have to prove first-party reliance on the alleged fraud that was directed at them," because "the question of individual reliance [is] paramount to resolving whether Plaintiffs' injuries were caused by a RICO violation."  Id. at 105-06.

### 3.   Civil Rights Claims

The Plaintiffs are suing the Signal Defendants under 42 U.S.C. § 1981 for violating their rights to "enjoy and benefit from non-discriminatory employment relationships" with the Signal Defendants.   (Doc. No. 39, p. 62.)   In order to obtain compensatory damages under this claim, as

sought by the Plaintiffs, each "Plaintiff must prove actual injury to himself and that injury must be attributable to (caused by) the Defendant's disparate treatment."   David, 2012 U.S. Dist. LEXIS 114247, at *119.   For this reason, the outcome of each Plaintiff's case will vary based on their individualized experience.

      4.   Violations of the Ku Klux Klan Act of 1871

      The Plaintiffs allege that the Burnett Defendants violated the Ku Klux Klan Act of 1971 by violating their right to be free from "forced labor, involuntary servitude, and trafficking in persons."  (Doc. No. 39, p. 64.)   Forced labor, involuntary servitude, and trafficking all include an element of coercion, which requires an individualized analysis of each Plaintiff's situation, as stated above.   David, 2012 U.S. Dist. LEXIS 114247, at *128.

      As one can easily discern, none of the above causes of action involve substantially similar issues to the Plaintiffs' FLSA claims pending in David, which include claims of violating the federally mandated minimum wage laws.   The proof required for the FLSA claims and the remedies sought are distinct from the proof and remedies at issue in the instant matter.   Given that there is not a substantial overlap of the claims between the David litigation and this case, and with the exception of the Plaintiffs' FLSA claims in David, none of the Plaintiffs in the instant suit and David overlap, the court's denial of the Burnett Defendants' motion to transfer will not result in "piecemeal resolution of issues that call for a uniform result."   Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997).

## V.   Conclusion

The court finds that the instant suit does not substantially overlap with the first-filed suit, *David*.   Accordingly, the Signal Defendants' "Motion for Stay Pendente Lite and for Transfer Pursuant to First Filed Rule" (Doc. No. 14), and the Burnett Defendants' "Motion to Transfer Venue and Memorandum in Support" (Doc. No. 31) are **DENIED**.   As discussed previously, these same motions filed in related cases—*Marimuthu et. al v. Signal International L.L.C. et al.*, 1:13-cv-499 (Doc. Nos. 23, 36); *Meganathan et al. v. Signal International L.L.C. et al.*, 1:13-cv-497 (Doc. Nos. 17, 12)—are also **DENIED** for the same reasons.

SIGNED this 16th day of July, 2014.

_____
Zack Hawthorn
United States Magistrate Judge