# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| SRINIVASA RAO KAMBALA, *et al.* | § | |
| | § | |
| Plaintiffs. | § | |
| v. | § | Case No. 1:13-cv-00498-RC-ZJH |
| | § | |
| SIGNAL INTERNATIONAL LLC, *et al.* | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO SIGNAL DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Srinivasa Rao Kamabla, et al. ("Plaintiffs") file this response in opposition to the Signal Defendants' Motion for Partial Summary Judgment [ECF No. 114] (the "Motion"). Plaintiffs have moved for leave to file a Third Amended Complaint [ECF No. 115]. The Defendants do not oppose the motion for leave to amend the complaint and the amendments delete certain allegations by Plaintiffs and make the arguments presented by the Signal Defendants in the Motion moot.

Signal[1] and its agents promised the Plaintiffs permanent United States residence for them and their families. On that basis, Signal's agents charged the Plaintiffs up to $20,000.00 each in recruiting fees, sending each Plaintiff deeply into debt. Defendant brought Plaintiffs into the United States as guestworkers under the H-2B program to work at its facilities in Orange, Texas and Pascagoula, Mississippi.

Plaintiffs sued Signal and the other co-Defendants for violations of the Trafficking Victims Protection Act ("TVPA" (18 U.S.C. § 1581, *et seq.*), the Racketeer Influenced and Corrupt

---

[1] As used herein, "Signal" refers collectively to Signal International, L.L.C., Signal International, Inc., Signal International, G.P., and Signal International Texas L.P.

Organizations Act ("RICO") (18 U.S.C. § 1961, *et seq.*), civil rights violations (42 U.S.C. §§ 1981 and 1985), fraud, negligent misrepresentation and breach of contract.

Signal has now sought partial summary judgment as to "certain claims with respect to trial plaintiffs Abdullah Keepurath Maideen and Francis Sequira." Signal fails to attach a Statement of Issues to the Motion as required by Local Rule CV-56 (a), but Signal's Motion addresses three claims alleged by Plaintiffs Abdulla Keepurath Maideen and Francis Sequira: (i) involuntary servitude claims under 18 U.S.C. § 1584; (ii) forced labor claims under 18 U.S.C. § 1589; and (iii) employment discrimination claims under 18 U.S.C. § 1584.

Signal's summary judgment motion relies entirely on the fact that Signal did not employ Plaintiffs Maideen and Sequira. (Motion, p. 2) ("The motion rests on the sole undisputed fact that neither Abdullah Keepurath Maideen nor Francis Sequira were ever employed by Signal."). The Plaintiffs do not dispute this fact and alleged in their Complaint that Signal, despite its promises, refused to employ Plaintiffs Maideen and Sequira. (Complaint, ECF No. 39, ¶¶ 39-40).

All Plaintiffs, including Plaintiffs Maideen and Sequira, allege violations of the TVPA by Signal Defendants, as well as the Burnett Defendants and Dewan Defendants. However, Plaintiffs Maideen and Sequira affirmatively state that they are not pursuing claims under 18 U.S.C. § 1584 and 18 U.S.C. § 1589 to support their claims arising under the TVPA. Similarly, Plaintiffs Maideen and Sequira affirmatively state that they are not relying on sections 1584 and 1589 as predicate acts for their claims against the Defendants arising under RICO. To the extent that Plaintiffs Maideen and Sequira's claims rely upon sections 1584 and 1589, they agree to voluntarily dismiss their claims under the TVPA and have filed a motion for leave to file an amended complaint. Similarly, Plaintiffs Maideen and Sequira agree to voluntarily dismiss their claims against Signal Defendants for violations of The Civil Rights Act of 1866 (42 U.S.C. §1981),

and have filed a motion for leave to file an amended complaint to reflect that Plaintiffs Maideen and Sequira are not pursuing claims under section 1981.

Signal affirmatively states that it is does not seek summary judgment on Plaintiffs' trafficking claims arising "under 18 U.S.C. § 1590 and equal protection claims under 42 U.S.C. § 1985." (Motion, p. 1, fn. 1).[2] As Signal's Motion is limited to the claims of Plaintiffs Maideen and Sequira under 18 U.S.C. §§ 1584 and 1589, and 42 U.S.C. § 1981, the proposed amendments to the Complaint will moot the issues presented in the Motion.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the motion as moot upon granting leave for Plaintiffs to amend their Complaint.

Respectfully submitted this 4th day of May, 2015.

EQUAL JUSTICE CENTER

By:     /s/ Christopher J. Willett
        Christopher J. Willett
        Texas Bar No. 24061895
        Kayvon Sabourian
        Texas Bar No. 24076824 (admitted by *pro hac vice*)

        EQUAL JUSTICE CENTER and
        TRANSNATIONAL WORKER RIGHTS CLINIC
        510 S. Congress Ave., Suite 206
        Austin, TX 78704
        Telephone: (512) 474-0007, ext. 107
        Facsimile: (512) 474-0008

---

[2] Signal states that it "does not intend to re-litigate here its domino theory that trafficking claims under 18 U.S.C. § 1590 and equal protection claims under 42 U.S.C. § 1985 are therefore also ripe for summary judgment, as similar arguments have been addressed and denied in *Joseph et al v. Signal et al*, 1:13-324 (E.D. Tex. 2/4/15) (Doc. 219)). (Motion, p. 1, fn. 1).

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2015, I electronically filed the foregoing Plaintiffs'

Response in Opposition to Signal Defendants' Motion for Partial Summary Judgment with the

Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification

of such filing to all ECF participants.

/s/ Christopher J. Willett
Christopher J. Willett
Texas State Bar No. 24061895
Attorney for Plaintiffs